UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER M. BERGNA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARSHA JOHNS, *et al.*,<br>　　　　　　Defendants. | 3:17-cv-00412-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Peter M. Bergna ("Bergna") against Defendants Marsha Johns ("Johns") and David Mar ("Mar") (collectively referred to as "Defendants"). Currently pending before the court is Defendants' motion for summary judgment. (ECF Nos. 35, 37.)[2] Bergna opposed the motion (ECF No. 43), and Defendants replied. (ECF No. 45.)  For the reasons stated below, the Court recommends that Defendants' motion for summary judgment (ECF No. 35) be granted.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Bergna is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 5.)  Proceeding *pro se*, Bergna filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights based on the Defendants' deliberate indifference to his serious medical needs. (*Id.*)

According to Bergna's Complaint (ECF No. 5), the alleged events giving rise to his claims are as follows: Bergna suffers from chronic pain caused by a herniated disc and

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] ECF No. 37 consists of sealed documents in support of Defendants' motion for summary judgment.

sciatica nerve problems. (*Id.* at 3.) Defendants knew of these problems. (*Id.*) From October 2016 to June 5, 2017, Defendants were directly responsible for providing Bergna with pain management and physical therapy for his herniated disc and sciatica nerve problems. (*Id.* at 3-4.) Bergna had multiple visits with both Defendants concerning the extreme chronic pain he was experiencing. (*Id.* at 4.) Defendants also knew Bergna experienced sleep deprivation and mental health problems directly caused by the lack of adequate treatment for the severe pain resulting from his herniated disc and sciatica. (*Id.*) Despite this knowledge, Bergna claims Defendants deliberately failed to prescribe opioid pain medication and to provide Bergna with physical therapy for the management of his painful condition (*Id.*) Bergna also claims Defendants refused to provide Bergna with adequate pain management because of an "unwritten" policy of denying inmates necessary narcotic pain medication based on the incorrect assumption that all the inmate patients are "hussling (sic) drugs." (*Id.* at 5.) This policy caused Bergna to needlessly suffer extreme chronic pain for months. (*Id.*) Defendants' failure to provide Bergna with adequate pain management and physical therapy resulted in Bergna being unable to walk, bend, sleep, stand and exercise. (*Id.*)

Additionally, on or about December 22, 2016, Bergna claims Defendant Johns's subordinate medical staff took away Bergna's wheelchair for no justifiable medical reason. (*Id.*) This caused Bergna extreme pain whenever he had to become mobile. (*Id.*) According to Bergna, Defendant Johns knew her staff removed the wheelchair, and causing Bergna pain, but she deliberately failed to correct the problem. (*Id.*)

Pursuant to 28 U.S.C. § 1915A(a), the District Court entered a screening order, allowing Bergna to proceed with his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Johns and Mar. (ECF No. 4.) On October 1, 2019, Defendants filed their motion for summary judgment asserting they are entitled to summary judgment because Bergna fails to prove medical deliberate indifference or personal participation by the Defendants. (ECF No. 35).

///

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, based on authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising

1  therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763
2  F.3d 1060, 1065 (9th Cir. 2014).

3  Where the moving party meets its burden, the burden shifts to the nonmoving
4  party to "designate specific facts demonstrating the existence of genuine issues for
5  trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).
6  "This burden is not a light one," and requires the nonmoving party to "show more than
7  the mere existence of a scintilla of evidence. . . .  In fact, the non-moving party must
8  come forth with evidence from which a jury could reasonably render a verdict in the
9  non-moving party's favor." *Id.* (citations omitted).  The nonmoving party may defeat the
10 summary judgment motion only by setting forth specific facts that illustrate a genuine
11 dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477
12 U.S. at 324.  Although the nonmoving party need not produce authenticated evidence,
13 Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as
14 to the material facts" will not defeat a properly-supported and meritorious summary
15 judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
16 586–87 (1986).

17 For purposes of opposing summary judgment, the contentions offered by a *pro se*
18 litigant in motions and pleadings are admissible to the extent that the contents are based
19 on personal knowledge and set forth facts that would be admissible into evidence and
20 the litigant attested under penalty of perjury that they were true and correct. *Jones v.*
21 *Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

22 **III.   DISCUSSION**

23 Defendants argue they are entitled to summary judgment because (1) Bergna has
24 no evidence (other than his own opinion) that the non-opioid medicines given to him
25 were medically insufficient to address his pain; (2) Bergna's Eighth Amendment
26 deliberate indifference to serious medical needs claim is without merit; and, (3)
27 Defendants are entitled to qualified immunity. (ECF No. 35.)
28 ///

### A. Civil Rights Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

### B. Eighth Amendment Deliberate Indifference to Serious Medical Needs

Bergna alleges that Defendants exhibited deliberate indifference to his serious medical needs by failing to prescribe the proper pain medication, for the management of Bergna's severe painful herniated disc and sciatica condition and for taking away a wheelchair for no justifiable medical reason. (ECF No. 5 at 3, 5.) Defendants assert that: (1) Defendants were not deliberately indifferent to plaintiff's serious medical needs; and (2) Bergna has no evidence, other than his opinion, that the non-opioid medicines given to him were medically insufficient to address his pain and as such is merely a difference of opinion with the treatment prescribed by NDOC doctors. (ECF No. 35 at 5.)

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that

"deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105.

Courts in this Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted). First, the objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists and make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other . . . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

Moreover, the medical care due to prisoners is not limitless. "[S]ociety does not expect that prisoners will have unqualified access to health care…." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Accordingly, prison officials are not deliberately indifferent simply because they selected or prescribed a course of treatment different than the one the inmate requests or prefers. *Toguchi*, 391 F.3d at 1058. Only where the prison officials' "'chosen course of treatment was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health,'" will the treatment decision be found unconstitutionally infirm. *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In addition, it is only where those infirm treatment decisions result in harm to the plaintiff—though the harm need not be substantial—that Eighth Amendment liability arises. *Jett*, 439 F.3d at 1096.

### 1.     Pain Management

Bergna alleges Defendants exhibited deliberate indifference to his serious medical needs by failing to prescribe the proper pain medication, for the management of Bergna's severe painful herniated disc and sciatica condition. (ECF No. 5 at 3.) Defendants assert: (1) Defendants were not deliberately indifferent to plaintiff's serious medical needs because Bergna has no evidence, other than his opinion, that the non-opioid medicines given to him were medically insufficient to address his pain and, as such, is merely a difference of opinion between Bergna and the treatment prescribed by NDOC doctors. (ECF No. 35 at 5.)  As to the objective element of deliberate indifference, it is undisputed that Bergna's chronic pain caused by a herniated disc and sciatica nerve problems constitute a serious medical need.  This serious medical need is evidenced by Bergna's medical records, which show he had multiple medical visits with NDOC doctors and an outside orthopedic surgeon and an outside neurosurgeon concerning his chronic pain. (*See* ECF Nos. 37-1, Ex. 1; 37-2, Ex. 4; 37-3, Ex. 5; 37-4, Ex. 6.)  Bergna also received ongoing treatment, including surgery, for his back problems during the period in question and beyond. (*Id.*)  Thus, the objective element of deliberate indifference has been satisfied.

7

As to the subjective element, Bergna asserts Defendants refused to provide him with adequate pain management because they have an "unwritten policy" of denying inmates necessary pain medication, be it narcotic or other medication, based on the incorrect assumption that all inmate patients are "hussling (sic) drugs." (ECF No. 43 at 2.) Defendants argue Bergna's medical records prove they did not act with deliberate indifference because they provided him with multiple doctor appointments and provided ongoing medical treatment and medication, including narcotic medication to treat Bergna's condition. (ECF No. 35 at 2; see also ECF No. 37-2, Ex. 4.) Bergna's medication treatment included Ultram, an opioid medication, from January 25, 2017 to April 25, 2017, and Oxycodone, an opioid medication, from November 2-5, 2016 and in December 2016 and January 2017, in excess of 25 days. (*Id.*) In May 2017, Bergna became pain free and refused medication. (*Id.*) Defendants also allege Bergna was evaluated by specialists whose recommendations were followed and on January 30, 2018, Bergna had surgery for his back condition. (*Id.*)

Bergna's medical records reveal he was seen multiple times between October 2016 to June 5, 2017, for treatment of his chronic back pain. (*See* ECF No. 37 (sealed).) Bergna admits he was seen by medical providers for his pain on several occasions during the relevant time at issue. (ECF No. 5 at 4; *see also* ECF No. 43 at 4, ¶ 5; 5, ¶ 12; 9, ¶ 30; 12, ¶ 41.) Additionally, Bergna does not deny that he was prescribed pain medications during this time, rather he alleges that he was not "prescribed adequate opioid pain medication." (ECF No. 5 at 4.) Bergna was seen by an orthopedic surgeon, Dr. Long, who diagnosed him with "functional lumbar pain," which is treated conservatively. (ECF No. 35-2.) Dr. Johns's declaration stated that narcotic pain medication is used for short periods of time during exacerbations of chronic lumber pain but should never be used long-term for functional lumber pain. (*Id.*) According to Dr. Johns, Bergna's medical condition was treated with "steroids, muscle relaxers and NSAIDS for exacerbations, as well as short courses of narcotics during [periods] of acute pain" and as Bergna's condition became more "unrelenting" Defendant Johns ordered

8

Ultram, an opioid analgesic, to help alleviate his pain on January 25, 2017, for three months. (*Id.*) According to Dr. Johns, in May 2017, Bergna became pain free; however, following Bergna's next exacerbation, he was re-referred to Dr. Long, who ordered an MRI, which lead to a neurosurgical consult, with surgery ultimately performed on January 30, 2018. (*Id.*) Therefore, because Bergna provides no factual evidence disputing the fact that he was clearly being treated for his chronic pain, even receiving opioids when determined medically necessary, the court finds no issues of material fact exist proving Defendants displayed deliberate indifference to Bergna's medical needs by denying his requests for additional opioid medication. Moreover, there is no evidence in the record indicating Bergna's claim that he was denied prescription opioid pain medication because of an NDOC policy of denying such medication to inmates in order to prevent abuse has merit. (*See* ECF No. 35-2.) Defendant asserts that no such policy, written or unwritten, exists (ECF No. 35 at 6), and Bergna presents no evidence to the contrary. (*See* ECF No. 43.)

For Bergna to prevail, Defendants must *knowingly* disregard a medical condition. In cases where the inmate and prison staff simply disagree about the course of treatment, only where it is medically unacceptable can the plaintiff prevail. *See Toguchi,* 391 F.3d at 1058 (emphasis added). Such is not the case here because Defendants' conduct was the opposite of conscious indifference to plaintiff's medical needs. The undisputed evidence in the record shows Bergna's chronic pain management needs were fully addressed by the Defendants. Therefore, Bergna's Eighth Amendment rights were not violated by Defendants' failure to prescribe additional opioid medications, and Defendants are entitled to summary judgment.

### 2. Wheelchair

Bergna's second claim for Defendants' deliberate indifference to his chronic medical condition is that Defendants improperly took away his wheelchair without a justifiable medical reason, leaving Bergna "helpless to move." (ECF No. 42 at 2-3.) However, Defendants argue at the time the wheelchair was removed, Bergna did not

have a prescription for the wheelchair from a medical professional and he was only using it while staying in the medical unit. (ECF No. 35 at 7.) Defendants claim the wheelchair was removed from Bergna's room because another inmate needed it for his care. (*Id.*) Bergna provides no factual evidence to support his claim that Defendants had no justifiable medical reason for removing the wheelchair. Moreover, following the wheelchair's removal, Bergna submitted a medical kite on December 22, 2016 asking for the wheelchair to be returned because he needed it to alleviate pain radiating down his leg. (ECF No. 35-3.) On January 19, 2017, a replacement wheelchair was prescribed and provided to Bergna within 30 days of Bergna submitting the grievance. (*Id.*) It is undisputed that Bergna now has a medical prescription for use of the wheelchair and since the chair was returned within 30 days of his complaint, the court finds no genuine issues of material fact showing deliberate indifference by the Defendants in removing the wheelchair. Therefore, Bergna's Eighth Amendment rights were not violated by Defendants' removal of the wheelchair, and Defendants are entitled to summary judgment.

Because the court finds Bergna's Eighth Amendment rights were not violated and Defendants are entitled to summary judgment, it need not address Defendants' argument related to qualified immunity.

**IV. CONCLUSION**

Based upon the foregoing, the court recommends Defendants' motion for summary judgment (ECF No. 35) be granted. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 35) be **GRANTED**.

DATED: February 27, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**